IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 19-153 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TRANSFERRING CASE**

On February 11, 2018, Plaintiff Edward Thomas Kennedy ("Plaintiff") filed a Motion for Leave to Proceed in Forma Pauperis to which he attached a Complaint. (Doc. 1.) In his Complaint, as best the Court understands it, Plaintiff alleges various government officials violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, through their coordinated efforts to commit financial and other crimes. (Doc. 1-1 at ¶¶ 30–32.) Plaintiff also brings causes of action based on his rights to privacy and other torts. (E.g., id. at ¶¶ 33–40, 48–55.)

In cases where subject matter is not founded upon diversity of the parties, 28 U.S.C. § 1391(b) provides that venue is proper only in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which many defendant is subject to the court's personal jurisdiction with respect to such action.

The Court finds that venue is improper in this district. First, under Section 1391(b)(1), Plaintiff has not alleged any Defendant resides in this judicial district. (Doc.

1-1 at ¶¶ 8–16.)  Rather, all Defendants with exception of those associated with the Commonwealth of Pennsylvania and the Federal Governments, appear to be located in the Eastern District of Pennsylvania.  Specifically, Plaintiff names officials and their alleged attorneys primarily located in Lehigh County, Pennsylvania.  (E.g., id. at ¶¶ 9–11, 13–14.)  Second, it is clear from the Complaint that venue cannot lie under Section 1391(b)(2), as the majority of the events upon which Plaintiff bases his claim occurred outside this judicial District.  Plaintiff specifically references another lawsuit in the Eastern District (see id. ¶ at 25) and most of the relevant events occur close to where Plaintiff resides in Lehigh County.  Third, venue cannot lie in this District pursuant to Section 1391(b)(3) because this action could have been brought in the Eastern District.  Therefore, because no Defendant resides in the Western District and a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District, the Court finds the United States District Court for the Eastern District of Pennsylvania is a proper venue.

In light of the Court's determination, the Court must decide whether to transfer the case to the Eastern District of Pennsylvania or dismiss it outright.  28 U.S.C. § 1406(a); see also Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district courts may *sua sponte* transfer under § 1406(a)).  "District courts generally should not dismiss in forma pauperis complaints sua sponte for improper venue."  Greene v. Horry County, 650 F. App'x 98, 99 (3d Cir. 2016).  The Court finds that this case is not exceptional in this respect, and therefore, will transfer the case.  The Court will leave a ruling on Plaintiff's Motion for Leave to Proceed in Forma Pauperis to the transferee court.

For the reasons set forth herein, it is hereby **ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of Pennsylvania **FORTHWITH**.

| | |
|---|---|
| February 14, 2019 | s\Cathy Bissoon<br>Cathy Bissoon<br>United States District Judge |

cc (via First Class U.S. Mail):

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, PA 18031